UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES RAY WALKER, | ) | |
| Petitioner, | ) | 2:15-cv-01240-RFB-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

Before the court are two motions bearing on the legal representation of petitioner Walker. The respondents have filed a motion to disqualify Assistant Federal Public Defenders Tiffani D. Hurst and Brad D. Levenson as counsel for the petitioner. ECF No. 32. The petitioner's counsel have filed an ex parte motion, under seal, asking this court to appoint them to represent Walker in anticipated state court post-conviction proceedings. ECF No. 60. This order decides those motions.

**A. Motion to disqualify**

Respondents argue that Assistant Federal Public Defenders Tiffani D. Hurst and Brad D. Levenson must be disqualified as counsel for the petitioner because their supervisor within the Federal Public Defender's office, Michael Pescetta, testified as a mitigation witness in the penalty phase of petitioner's state court trial. According to the respondents, Pescetta's testimony and the Federal Public Defender's current representation of Walker creates a conflict that undermines Walker's statutory right to counsel under 18 U.S.C. § 3599(a)(2). More specifically, respondents claim that Pescetta has a

conflict of interest that is imputed to the attorneys in the FPD's office and, in addition, Hurst and Levenson have a personal stake in not challenging the performance of their supervisor and have a duty to follow his instructions.

A transcript of Pescetta's testimony at Walker's trial is included with respondents' motion. ECF No. 32-1. Pescetta testified about Nevada's execution protocol and the procedure the state follows in executing a condemned prisoner. Id. He testified about the events that typically precede and immediately follow an execution in Nevada and provided a description of the facilities used by the State in performing the execution. Id. He mentioned specific cases in which he had been involved in the past, but gave no testimony that was specific to Walker or that indicated that he had otherwise participated in Walker's case. Id.

Absent other circumstances giving rise to a conflict, a lawyer is not disqualified from representing a client in a proceeding merely because another lawyer in his or her firm is likely to be called as a witness in that proceeding. Rule 3.7(b), Nev. R. Prof. Conduct. Thus, it stands to reason that there would not be an imputed conflict simply because a member of the firm had been called as a witness in the proceeding in the past.

The marginally stronger argument is that Pescetta's past involvement as a witness could conceivably inhibit Hurst and Levenson's advocacy on behalf of their client, but that too falls well short of sufficient grounds to disqualify them in this case. Respondents' attempt to analogize this case to Christeson v. Roper, 135 S. Ct. 891 (2015), is not persuasive.

In Christeson, the Supreme Court concluded that the lower court erred in failing to grant petitioner's motion for substitution where counsel's equitable tolling argument would have required them to "denigrate their own performance." Christeson, 135 S. Ct. at 893. The Court recognized that "a 'significant conflict of interest' arises when an attorney's 'interest in avoiding damage to [his] own reputation' is at odds with his client's 'strongest argument – i.e., that his attorneys had abandoned him.'" Id. at 894 (quoting Maples v. Thomas, 132 S.Ct. 912, 925 n. 8 (2012)).

1    No similar conflict exists here. To begin with, Pescetta did not represent Walker in the state
2 proceeding. Thus, current counsel is not faced with the prospect of challenging Pescetta's performance
3 as an attorney. The decision to call Pescetta as a witness was that of Walker's trial counsel, not Pescetta.
4 Similarly, this Court cannot conceive of any benefit that Walker might derive from challenging the
5 credibility of Pescetta's testimony. In addition, the content of the testimony itself was not notably
6 damaging or prejudicial.

7    In summary, respondents have not established the presence of a disabling conflict that warrants
8 the appointment of new counsel. Thus, their motion to disqualify shall be denied. And, while Walker
9 has signed a declaration indicating that he waives any conflict identified in the respondents' motion
10 (ECF No. 36, p. 11-12), this court concludes that such a waiver is unnecessary in this instance.

**B.  Motion to appoint counsel for state post-conviction proceedings**

13    Petitioner Walker has filed a motion for stay and abeyance that, along with several other motions,
14 is currently pending before the court. In relation to that motion, his counsel have filed an ex parte
15 motion, under seal, asking this court to appoint them to represent Walker in anticipated state court post-
16 conviction proceedings.

17    The federal statute providing for the appointment of counsel in this capital case authorizes
18 appointed counsel to represent the petitioner in "all available post-conviction process, together with
19 applications for stays of execution and other appropriate motions and procedures." 18 U.S.C. § 3599(e).
20 With respect to "other appropriate motions and procedures," the Supreme Court, in dicta, has stated that
21 the district court may "determine on a case-by-case basis that it is appropriate for federal counsel to
22 exhaust a claim in the course of her federal habeas representation." Harbison v. Bell, 556 U.S. 180, 190
23 n. 7 (2009).

24    Under Nevada law, a petitioner challenging his death sentence is entitled to appointed counsel
25 only if it is his *first* petition challenging his conviction or sentence. N.R.S. 34.820(1). Walker's first

1 state collateral proceeding has been completed.  So, the state court's decision whether to appoint counsel
2 for Walker to bring a subsequent petition would be discretionary.  <u>See</u> N.R.S. 34.750.  Because it
3 appears that Walker's pursuit of state court exhaustion would be inextricably intertwined with his effort
4 to obtain relief in this federal case, the court concludes that the representation by the FPD in those
5 exhaustion proceedings is appropriate.
6     Thus, in the interests of justice and judicial efficiency, counsel's ex parte motion shall be granted.
7 The FPD is granted leave to represent Walker in state exhaustion proceedings.  In so ruling, the court
8 renders no judgment at this time whether Walker's motion for stay and abeyance shall be granted.
9     **IT IS THEREFORE ORDERED** that respondents' motion to disqualify (ECF No. 32) is
10 DENIED.
11     **IT IS FURTHER ORDERED** that petitioner's "Ex Parte Motion for Leave to Provide
12 Representation in Exhaustion Proceeding" (ECF No. 60) is GRANTED.

DATED: January 22, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE