UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RAY WALKER, | ) |
| | ) |
| Petitioner, | )  2:15-cv-01240-RFB-GWF |
| | ) |
| vs. | ) |
| | )  **ORDER** |
| RENEE BAKER, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |

On August 13, 2015, petitioner Walker filed a motion asking the court to establish a deadline of December 23, 2015, for him to file an amended petition for writ of habeas corpus. ECF No. 14. A few days later, on August 17, 2015, he filed a motion for leave to conduct discovery. ECF No. 17.

On December 23, 2015, without the court having ruled on his motion to establish a deadline, Walker filed an amended habeas petition.[1] ECF No. 40. The following day, the respondents filed a motion to strike that pleading, arguing that Walker had not followed the Federal Rules of Civil Procedure and the amended petition was a fugitive document. ECF No. 57. Then, on January 8, 2016, Walker filed a motion asking this court to stay these proceedings and hold them in abeyance

---

[1] Walker represents that it was necessary to file the petition by December 23, 2015, in order to meet the Antiterrorism and Effective Death Penalty Act (AEDPA) deadline for his amended claims.

1 pending the exhaustion of his remedies in state court. ECF No. 59. This order decides these pending
2 motions.

    1. *The Amended Petition.*

As an initial matter, the court shall permit, *nunc pro tunc*, the filing of the amended petition. Under 28 U.S.C. § 2242, a petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir.1993)). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Because respondents have yet to file a responsive pleading, Walker was arguably entitled to amend his petition "as a matter of course" under Rule 15(a)(1)(B).[2] In any case, this court finds that the factors that normally weigh against allowing amendment – i.e., bad faith, undue delay, prejudice to the

---

[2] Respondents argue that leave of court is required because Walker failed to file his amended petition within 21 days of service as required by Rule 15(a)(1)(A). However, the Advisory Committee notes for the 2009 Amendments to Rule 15(a)(1) suggest that, for pleadings to which a responsive pleading is required, the rule creates an open period for amending as a matter course that runs continuously *from* the date of initial service of the pleading to be amended *until* 21 days after service of the responsive pleading. That is, there is not necessarily a closed period between the end of the 21 day period under Rule 15(a)(1)(A) and the date the responsive pleading is served for the purposes of Rule 15(a)(1)(B). Under either interpretation of the rule, Walker would be permitted to amend his petition as a matter of course once a responsive pleading is served.

opposing party – are absent here. *See Bonin*, 59 F.3d at 845 (discussing factors to be considered under Fed. R. Civ. P. 15(a)(2)). In addition, Walker's interest in having all of his potential claims for relief placed before the court outweighs respondents' arguments in opposition to allowing the amended pleading. Thus, leave of court to amend the petition is warranted. *See Webb*, 655 F.2d at 979 ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" (Citation omitted.)). Also, Walker has demonstrated good cause to amend the court's scheduling order. *See* Fed. R. Civ. P. 16(b)(4). Accordingly, respondents' motion to strike the amended petition shall be denied.

2. *Stay and Abeyance*.

Walker's motion for stay and abeyance is based on *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court condoned the use of stay and abeyance to facilitate habeas petitioners' return to state court to exhaust claims, but also placed limitations upon the discretion of the district court to allow such a procedure. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court in *Rhines* went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhine*s, 544 U.S. at 277; *Gonzalez v. Wong*, 667

3

F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id*. An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278).

Here, Walker identifies Claims Two, Three, Five, Eight(B), Eleven(C), Fifteen (D-M), Sixteen, Eighteen, Twenty, and Twenty-two through Twenty-six as potentially meritorious claims that are unexhausted. He argues that his failure to exhaust these claims was due to ineffective assistance of counsel (IAC) in his state post-conviction proceeding. In this regard, he draws parallels between his circumstances and those of the petitioner in *Blake*, where the court found that the petitioner's showing of state post-conviction IAC satisfied the *Rhines* good cause standard. *See Blake*, 745 F.3d at 984.

In *Blake*, the court held that stay and abeyance was warranted because Blake's ineffective assistance of post-conviction claim was "supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the readily available evidence of Blake's abusive upbringing and compromised mental condition." *Blake*, 745 F.3d at 983. Walker has supported his state post-conviction IAC claim with similar evidence. For example, he has presented documentation describing his traumatic childhood and the severe conditions he endured while incarcerated in the Nevada prison system for twenty-two years between 1978 and 2000. He has also presented reports from mental health experts indicating that these experiences left him with PTSD. In addition, he has presented evidence detailing his relapse into alcohol abuse upon release from prison and how that abuse escalated until he committed the crimes for which he is now incarcerated and sentenced to death.

Respondents argue that Walker's allegation of ineffective assistance of post-conviction counsel

is not grounds for a stay because, unlike the petitioner in *Blake*, he has not made a sufficient showing that state post-conviction counsel's performance was defective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). In this regard, they point to post-conviction counsel's attempt to develop mitigating evidence, only to be foreclosed from doing so by the state district court's denial of investigative resources. In this court's view, however, state court counsel's lack of investigative resources only strengthens Walker's good cause argument. Accordingly, the court finds that Walker has met the *Rhines* good cause requirement.[3]

With respect to whether Walker has engaged in intentionally dilatory tactics, respondents contend that Walker has unreasonably delayed in filing his second state post-conviction petition. According to the respondents, Walker's current counsel met with him as early as December 2014, but, as of the date of respondents' opposition to the stay (January 15, 2016), the state petition had yet to be filed. Respondents also point out that Walker first disclosed that he intended to seek stay and abeyance in September of 2015 (ECF No. 31, p. 12), but waited another four months to file his motion.

This court notes, however, that Walker filed his motion for stay and abeyance approximately three weeks after filing his amended petition. The more common practice is to wait until respondents raise lack of exhaustion as an affirmative defense. Thus, in that respect, Walker's motion for stay and abeyance could be considered early rather than late. Moreover, the court takes judicial notice of the fact that Walker filed his second state petition in state district court on February 16, 2016, which is within one year of the conclusion of his first state habeas proceeding. In sum, the record does not establish that Walker has engaged "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

---

[3] Walker argues that post-conviction counsel was deficient in developing other claims besides trial counsel's ineffectiveness in the penalty phase – those being, that counsel were ineffective in the guilt phase for failing to impeach the state's identification of Walker and in failing to challenge the State's DNA evidence. Because the court finds good cause based on post-conviction counsel's failure to develop the penalty phase IAC claim, it need not address post-conviction counsel's failure to develop the guilt phase IAC claims.

1    Respondents do not dispute that Walker's petition contains unexhausted claims that are
2 potentially meritorious.
3    Having met the requirements under *Rhines*, Walker has shown that a stay is warranted to allow
4 him to exhaust state court remedies before moving forward with this federal habeas action. The
5 court will stay this case. This will be the last time that the court imposes a stay to facilitate Walker's
6 exhaustion of claims in state court. Walker must exhaust all of his unexhausted claims in state court
7 during the stay of this action imposed pursuant to this order. The court does not here make a ruling, or
8 suggest any opinion, with respect to whether Walker can make the showing necessary to excuse any
9 procedural default, or any limitations bar, that might exist as a result of his delay in discovering and
10 pleading his unexhausted claims.
11   Finally, because this action will be stayed and held in abeyance, Walker's motion for leave to
12 conduct discovery (ECF No. 17) shall be denied without prejudice.
13   **IT IS THEREFORE ORDERED** that petitioner's for an amended petition filing deadline (ECF
14 No. 14) is GRANTED *nunc pro tunc* as of December 23, 2015. Respondents' motion to strike (ECF No.
15 57) is DENIED.
16   **IT IS FURTHER ORDERED** that petitioner's motion for stay and abeyance (ECF No. 59) is
17 GRANTED. This action is STAYED, while petitioner exhausts, in state court, all his unexhausted
18 claims for habeas corpus relief.
19   **IT IS FURTHER ORDERED** that, on or before June 15, 2016, petitioner shall file and serve
20 a status report, describing the status of his state-court proceedings. Thereafter, during the stay of this
21 action, petitioner shall file such a status report every 6 months (on or before December 15, 2016; June
22 15, 2017; December 15, 2017; etc.). Respondents may, if necessary, file and serve a response to any
23 such status report within 15 days after its service. If necessary, petitioner may reply within 15 days of
24 service of the response.
25
26

1    **IT IS FURTHER ORDERED** that, following the conclusion of state court proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to conduct discovery (ECF No. 17) is DENIED without prejudice. Respondents' motion for leave to file a sur-reply to motion for leave to conduct discovery (ECF No. 64) is GRANTED *nunc pro tunc* as of January 15, 2016.

DATED: March 30, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE