UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RAY WALKER, | |
|     Petitioner, | 2:15-cv-01240-RFB-GWF |
| vs. | **ORDER** |
| RENEE BAKER, *et al.*, | |
|     Respondents. | |

Before the court is respondents' motion for reconsideration of this court's order granting stay and abeyance or, in the alternative, for permission to file an interlocutory appeal. ECF No. 70.

On March 31, 2016, this court granted petitioner Walker's motion for stay and abeyance after determining that Walker met the requirements outlined in *Rhines v. Weber*, 544 U.S. 269 (2005), including a showing of good cause for failure to present his unexhausted claims in the state court before initiating his federal petition. ECF No. 69, p. 4. With respect to the good cause requirement, this court concluded that Walker, like the petitioner in *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), had presented sufficient evidence to show his failure to exhaust was due to the deficient performance of his state post-conviction counsel, in particular with respect to counsel's failure to investigate and develop mitigating evidence. *Id*.

Respondents argue that this court erred in concluding that state post-conviction counsel's lack of investigative resources strengthened, rather than weakened, Walker's good cause argument.

1  ECF No. 69 at 5.  According to respondents, post-conviction counsel's failure to investigate could
2  not have been ineffective assistance under *Strickland v. Washington*, 466 U.S.  668 (1984), if that
3  failure can be attributed to his lack of investigative resources.

4        Respondents' argument would potentially have merit if Walker's only method of
5  demonstrating good cause was to show that his state post-conviction counsel's performance fell
6  below the *Strickland* standard.  As Walker points out, however, "[t]he good cause element is the
7  equitable component of the *Rhines* test."  *Blake*, 745 F.3d at 982.  The court in *Blake* confirmed that
8  ineffective assistance of post-conviction counsel can serve as good cause for a *Rhines* stay, but did
9  not hold that petitioner must meet the *Strickland* standard in order to satisfy the requirement.  *See id.*
10 at 984 (holding that the *Rhines* standard for IAC-based cause "is not any more demanding" than the
11 standard to excuse a procedural default on the same grounds).  A reasonable excuse, supported by
12 sufficient evidence, is generally sufficient.  *Id*. at 982.

13       This court stands by its determination that Walker demonstrated good cause under *Rhines*.
14 Thus, it declines to reconsider its decision to grant stay and abeyance.  As alternative relief,
15 respondents ask the court to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

16       Under 28 U.S.C. § 1292(b), the district court has the discretion to certify an order for
17 interlocutory appeal when the court is of the opinion that the order "involves a controlling question
18 of law, as to which there is substantial ground for difference of opinion, and that an immediate
19 appeal may materially advance the ultimate termination of the litigation."  Section 1292(b)
20 certification is a "narrow exception to the final judgment rule."  *Couch v. Telescope Inc.*, 611 F.3d
21 629, 633 (9th Cir. 2010).  The certification "serves the dual purpose of ensuring that [appellate]
22 review will be confined to appropriate cases and avoiding time-consuming jurisdictional
23 determinations in the court of appeals."  *U.S. v. W.R. Grace*, 526 F.3d 499, 522 (9th Cir. 2008)
24 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463.74-75 (1978)).  Section 1292(b) "is to be
25 applied sparingly and only in exceptional cases, and . . . 'the controlling question of law'
26

1  requirement [is to] be interpreted in such a way to implement this policy." *In re Cement Antitrust*
2  *Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982).

3       Here, the underlying issue is more a matter of the court's discretion than it is a question of
4  law, much less a "controlling" question of law.  Moreover, it is far from clear that there is
5  "substantial ground for difference of opinion" as to the court's interlocutory decision.  *See Couch*,
6  611 F.3d at 633 (noting that just because an issue is one of first impression does not mean there is
7  such a substantial difference of opinion as will support an interlocutory appeal).  Aside from those
8  concerns, this court is simply not convinced that allowing an interlocutory appeal may expedite the
9  disposition of this case.  Thus, the court declines to permit an interlocutory appeal.[1]

10       **IT IS THEREFORE ORDERED** that respondents' motion for reconsideration of this
11  court's order granting stay and abeyance or, in the alternative, for permission to file an interlocutory
12  appeal (ECF No. 70) is DENIED.

13       **DATED**: November 18, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[1] With their motion for reconsideration, respondents also ask this court to resolve the motion to disqualify counsel they filed on September 8, 2015 (ECF No. 32).  That motion was decided with an order entered on January 22, 2016 (ECF No. 67).  Due to an irregularity in the court's electronic docketing system, the court suspects that respondents were not notified of the entry of the order.  That order (ECF No. 67) is available for public viewing on the court's docket.