# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| James Ray Walker, | Case No.: 2:15-cv-01240-RFB-EJY |
| Petitioner | **ORDER** |
| v. | |
| William Gittere, et al., | |
| Respondents | |

In this habeas corpus proceeding under 28 U.S.C. § 2254, respondents have filed motion for compliance with Rule 2 and/or for a more definite statement in response to Walker's second amended petition (ECF No. 104). ECF No. 109. Respondents argue that the petition does not comply with the Habeas Rules or this court's prior order because it fails to specify when, where, and how Walker's grounds for relief have been exhausted in state court proceedings. Respondents ask the court to issue an order requiring Walker to file a corrected petition that includes a statement of exhaustion for each claim, identifying when and where he raised the claim and how the Nevada Supreme Court ruled on it.

Habeas Rule 2(d) of the Rules Governing Section 2254 Cases mandates that "a petition must substantially follow either the form appended to these rules or a form prescribed by local district-court rule." In accordance with the Habeas Rules, this court's Local Rules provide that "[a] petition for writ of habeas corpus under 28 U.S.C. § 2254 must be on the form supplied by the court or must be legible and substantially follow either that form or the form appended to the

[Habeas] Rules."). *See* LSR 3-1, Local Rules of Practice. The form requirement allows for more efficient adjudication of habeas petitions and "is particularly helpful in getting information about whether there has been an exhaustion of state remedies or, at least, where that information can be obtained." Advisory Committee Notes to Habeas Rule 2.

Both the form appended to the Habeas Rules and this court's form contain a section after each claim requiring the petitioner to identify whether he or she raised the claim on direct appeal, a post-conviction proceeding, or any other proceeding. In addition, this court's scheduling order provided that "[t]he second amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition must state how, when, and where that occurred." ECF No. 98 at 2. The order informed Walker that "[t]his information is needed to determine whether there has been complete exhaustion." *Id*.

Respondents argue that Walker's second amended petition does not contain sufficient exhaustion information because it merely states that all claims in the petition have been exhausted in state court proceedings during direct appeal, initial postconviction proceedings, and/or subsequent postconviction proceedings, ECF No. 109 at 2-3 (citing ECF No. 104 at 24). In response, Walker contends that, at the conclusion of every claim, there is a citation indicating the proceeding in which the claim was exhausted. ECF No. 112 at 2-8 (citing the location of each such citation in his second amended petition).

The vast majority of the citations to which Walker refers are to the decisions of the Nevada Supreme Court in one or more of his state proceedings. For the most part, these citations do not explain how the claim (or portions of the claim) was exhausted in a particular proceeding. As a result, the court and the respondents are left to guess which claims (or portions thereof) were

exhausted in which proceeding. As respondents note, Walker provided a much clearer "statement of exhaustion" when he filed his first amended petition. ECF No. 109 at 3 (citing ECF No. 40 at 9-14). There, he provided a claim-by-claim explanation of exhaustion. The court sees no reason why Walker should not provide a similar statement with respect to his second amended petition.

IT IS THEREFORE ORDERED that respondents' motion for compliance with Rule 2 and/or for a more definite statement (ECF No. 109) is GRANTED. Within 30 days of the date this order is entered, Walker shall file a statement of exhaustion for his second amended petition (ECF No. 104) that is similar to the statement he provided with this first amended petition (ECF No. 40 at 9-14). Rather than file an amended or corrected petition, Walker may file this statement as an independent document.

IT IS FURTHER ORDERED that respondents will have 90 days following the filing of the statement to file an answer or other response to the second amended petition. In all other respects, the scheduling order entered May 6, 2021, (ECF No. 98) continues to govern these proceedings.

IT IS FURTHER ORDERED that respondents' motion for extension of time (ECF No. 114) is DENIED as moot.

Dated: July 28, 2022

_____
U.S. District Judge Richard F. Boulware