UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES RAY WALKER, | Case No. 2:15-cv-01240-RFB-EJY |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

In this capital habeas case under 28 U.S.C. § 2254, the petitioner, James Ray Walker, seeks relief from a judgment of conviction imposing a sentence of death that was entered in the Eighth Judicial District Court for Nevada (Clark County) after a jury found him guilty of conspiracy to commit robbery, burglary, two counts of robbery with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon. Pending before the court are Respondents' Motion to Dismiss (ECF No. 135), Walker's Motion for Leave to Conduct Discovery (ECF No. 143), Walker's Motion for an Evidentiary Hearing (ECF No. 144), and Walker's Motion to Defer Adjudication of Factual Development on Cause and Prejudice (ECF No. 153). For the foregoing reasons, the court grants, in part, the Motion for Leave to Conduct Discovery and grants the Motion to Defer Adjudication of Factual Development On Cause And Prejudice. The Motion for an Evidentiary Hearing is denied without prejudice. The Court will address the Motion to Dismiss in a forthcoming order.

**A.  Motion for Leave to Conduct Discovery**

Walker asks the Court to conduct discovery in relation to two claims in his Second Amended Petition: Claim Eighteen(B) and Claim Twenty-Nine. ECF No. 104. In Claim

Eighteen(B), Walker alleges that the State failed to produce Brady[1] evidence pertaining to a key guilt-phase witness, Eloise Kline. In Claim Twenty-Nine, Walker alleges that his trial counsel were ineffective for failing to investigate an investigator for the Clark County District Attorney's office (CCDA), Peter Baldonado.

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." In Bracy v. Gramley, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 is to be applied consistently with its prior opinion in Harris v. Nelson, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. 520 U.S. at 904, 909. In Harris, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300. In Bracy, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" that theory. 520 U.S. at 908–09.

The Ninth Circuit Court of Appeals has held—consistent with Bracy and Harris—that discovery is available to habeas petitioners, at the discretion of the district court judge, in cases where the discovery sought might provide support for a claim. See e.g., Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); see also Osborne v. District Attorney's Office, 521 F.3d 1118, 1133 (9th Cir. 2008), rev'd on other grounds by District Attorney's Office v. Osborne, 557 U.S. 52 (2009) (in discussing Jones, the court reinforced the point that a court should allow discovery that "may establish" a factual basis for the petitioner's claim).

As support for his motion for leave to conduct discovery, Walker relies upon a 2016 declaration from Ms. Kline. ECF No. 105-51. The declaration recounts four encounters between

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

- 2 -

her and the police/district attorney's office prior to her providing testimony at Walker's trial: (1) an initial encounter with officers of the Las Vegas Metropolitan Police Department (LVMPD) at the scene of the first robbery (a Save-On drugstore) wherein the officers expressed their suspicion that Kline was involved in the robbery; (2) a call to a "Secret Witness" during which she was promised $2,000 for her cooperation if the suspect was convicted; (3) an interaction with the LVMPD and the CCDA on the morning of Walker's preliminary hearing that involved her being taken by force to the courthouse and prosecutors attempting to influence her testimony by suggesting that she could be charged with a crime; and (4) an unannounced visit to her home by Baldonado, who offered to give her money for sex. Walker has also provided evidence that Baldonado was subsequently charged with asking or receiving a bribe by a public officer, misconduct by a public officer, and sexual assault, with one of the charges alleging that he solicited sex from a witness in exchange for offering to fix warrants for that witness. ECF No. 50-5. Baldonado entered a guilty plea to misconduct by a public officer and coercion and was sentenced to serve 24 to 60 months in the custody of the Nevada Department of Corrections. Id.

Walker seeks leave to obtain discovery from CCDA and LVMPD. With respect to CCDA, he identifies the following material as that which he seeks to obtain: (1) Baldonado's personnel file; (2) the case files of the two prosecutors who handled Walker's case (Chris J. Owens and Bill Kephart); (3) the personnel files of the prosecutors; (4) all communications between the district attorney's office and LVMPD regarding Walker's case; and (5) any information in the possession of the district attorney's office regarding the murder of Christine Anziano and the attempted murder of Charles Cole.

With respect to LVMPD, he seeks to obtain (1) the entire investigative file related to the murder of Christine Anziano and the attempted murder of Charles Cole; (2) any and all police reports concerning or detailing interactions between LVMPD officers and Ms. Kline between August 23, 2003—the date Ms. Anziano was murdered—and January 9, 2007—the date Ms. Kline testified at Walker's trial; (3) any and all Secret Witness records relating to Walker's prosecution; (4) information from 19 LVMPD officers involved in Walker's case; (5) all communications between LVMPD and the district attorney regarding this case; and (6) any information possessed

by LVMPD regarding Walker himself.

The Court finds that Walker has established good cause for the court to allow discovery because discovery may support the factual basis for Claim Eighteen(B) and/or Claim Twenty-Nine. However, the Court also agrees with Respondents that the scope of the discovery Walker requests is too broad. See Bracy, 520 U.S. at 909 ("Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court."). Walker's request to see Baldonado's personnel file, the case files of Chris J. Owens and Bill Kephart, and communications between the district attorney's office and LVMPD regarding Walker's case are reasonably calculated to lead to the discovery of evidence relevant to his claims that the State withheld Brady evidence pertaining to Ms. Kline and that trial counsel were ineffective for failing to investigate Baldonado. However, his request for the personnel files of Owens and Kephart lacks a sufficient nexus to the claims at issue. While he has presented evidence to substantiate Ms. Kline's allegations against Baldonado, Walker has not established a likelihood that the prosecutors engaged in the type of misconduct that would warrant the disclosure of their personnel files. Walker's request for *any* information in the possession of the district attorney's office regarding the murder of Christine Anziano and the attempted murder of Charles Cole is also denied because it is not sufficiently specific to the claims at issue. The Court grants leave to request further discovery regarding the murder of Christine Anziano and the attempted murder of Charles Cole after this initial round of discovery is disclosed.

As for Walker's request in relation to the LVMPD, the court concludes that Walker should be permitted to request the investigative file related to the murder of Christine Anziano and the attempted murder of Charles Cole; police reports concerning or detailing interactions between LVMPD officers and Ms. Kline between August 23, 2003 and January 9, 2007; Secret Witness records relating to Walker's prosecution; and communications between LVMPD and the district attorney regarding this case. However, with the exception of a request for the individual files of the lead detectives on the case (Detectives Long and Sherwood), Walker's request for "information" from 19 LVMPD officers involved in Walker's case lacks sufficient specificity and is denied on that basis. Similarly, Walker's request for any information possessed by LVMPD

regarding Walker himself is also denied as too broad in relation to the claims at issue. Again, however, Walker is granted leave to request further discovery that is more specific after the initial round of discovery is produced.

Thus, Walker is granted leave to serve subpoenas tailored to comply with the above rulings. The Court does not here reach the question whether any material obtained by Walker in discovery will ultimately be admissible under 28 U.S.C. § 2254(e)(2) to support his claims.

### B.     Motion to Defer Adjudication of Factual Development on Cause and Prejudice

Walker moves the Court to defer adjudication of factual development on cause and prejudice. ECF No. 153. More specifically, he asks the court "to defer any adjudication of cause and prejudice arguments and to hold his Motion for Evidentiary Hearing in abeyance until the filing of an Answer and Reply in this case." Id. at 4. Walker contends that the court will be better able to assess cause and prejudice under Martinez once the relevant claims have been briefed on the merits. He further notes that a determination as to whether he can show cause and prejudice under Brady should not be made "until any and all Brady evidence has been disclosed by the State." Id. at 6. According to Walker, it also follows that the decision on whether to hold an evidentiary hearing would be better addressed once merits briefing and discovery have been completed.

The Court finds that this is a reasonable approach. This Court commonly reserves judgment on Martinez issues until the underlying trial ineffective assistance of counsel claims have been briefed on the merits. And, because the court is permitting Walker to conduct discovery, it makes sense to wait and see if that discovery produces relevant evidence before deciding whether to hold an evidentiary hearing. Thus, Walker's Motion to Defer Adjudication is granted. The Court will also defer its decision on his Motion for an Evidentiary Hearing pending completion of discovery and briefing on the merits of Walker's habeas claims.

**IT IS THEREFORE ORDERED** that Walker's Motion for Leave to Conduct Discovery (ECF No. 143) is **GRANTED**, **in part, and DENIED, in part**. Walker is granted leave to serve subpoenas on the CCDA and LVMPD as described above.

**IT IS FURTHER ORDERED** that Walker's Motion to Defer Adjudication of Factual

Development on Cause and Prejudice (ECF No. 153) is **GRANTED**.

**IT IS FURTHER ORDERED** that Walker's pending Motion for an Evidentiary Hearing (ECF No. 144) is **DENIED without prejudice** to Walker renewing the motion when he files his reply on the merits of his habeas petition.

**IT IS FURTHER ORDERED** that the pending Motions for Extension of Time (ECF Nos. 152, 156) are **GRANTED** *nunc pro tunc* as of their respective filing dates.

**DATED:** April 21, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**